JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

14-cv-7035

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ker'ron Jones

**DEFENDANTS**
Bynum, et al.

14 7035

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew B. Weisberg, Esquire
Weisberg Law, 7 South Morton Avenue, Morton, PA 19070
(610) 690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
CRUEL AND UNUSUAL PUNISHMENT/FAILURE TO PROVIDE MEDICAL

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Will Supply
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 12/9/14
SIGNATURE OF ATTORNEY OF RECORD

DEC 11 2014
S.T.

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 10608 St. Thomas Drive, Philadelphia, PA 19116

Address of Defendant: 7901 State Road, Philadelphia, PA 19136

Place of Accident, Incident or Transaction: Philadelphia, PA 19116
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒
unknown

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ✓ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
Attorney-at-Law Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/9/14 _____ 85570 DEC 11 2014
Attorney-at-Law Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Ker'ron Jones : CIVIL ACTION

v. :

Bynum, et al. : NO. **14  7035**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

12/9/14          Matthew B. Weisberg          Plaintiff(s)
**Date**          **Attorney-at-law**          **Attorney for**

(610) 690-0801     (610) 690-0880     mweisberg@weisberglawoffices.com
**Telephone**          **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

DEC 11 2014

# Weisberg Law

*Attorneys & Counselors at Law*
LICENSED IN PA & NJ



**7 South Morton Avenue**
**Morton, Pennsylvania 19070**
Ph: 610.690.0801
Fax: 610.690.0880

**14     7035**

Philadelphia County, Pennsylvania
1500 Walnut St., Ste. 1100
Philadelphia, PA 19102

*Matthew B. Weisberg*^
Graham F. Baird^
David A. Berlin^
Robert P. Cocco~+

*NJ & PA Office Manager
^Licensed in PA & NJ
~Licensed in PA
+Of Counsel

Web-Site: www.weisberglawoffices.com
E-Mail: DBERLIN@WEISBERGLAWOFFICES.COM

*Tuesday, December 09, 2014*

United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

RE:   Ker'ron Jones v. Bynum, et al.

Dear Sir or Madam:

Kindly find enclosed one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a check in the amount of $400.00, in regards to the above captioned matter.

Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Thank you.

Sincerely,

MATTHEW B. WEISBERG

MBW/hcm
Enclosures

# GP
## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ker'ron Jones<br>10608 St. Thomas Dr.<br>Philadelphia, PA 19116 | **14   7035** |
| Plaintiff, | Civil Action No.: |
| v. | |
| Mr. Bynum, individually and in his official capacity as Corrections Officer for the Philadelphia Prison System<br>7901 State Rd.<br>Philadelphia, PA 19136 | |
| And | |
| Louis Giorla, individually and in his official capacity as Commissioner for the Philadelphia Prison System<br>7901 State Rd.<br>Philadelphia, PA 19136 | **JURY TRIAL DEMANDED** |
| And | |
| Michele Farrell, individually and in her official capacity as Corrections Warden for the Philadelphia Prison System<br>7901 State Rd.<br>Philadelphia, PA 19136 | |
| And | |
| Philadelphia Department of Human Services d/b/a Philadelphia Prison System<br>1515 Arch St.<br>Philadelphia, PA 19102 | |
| And | |
| John Does 1-10 | |
| Defendants. | |

## CIVIL ACTION COMPLAINT

### I. Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on federal question conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367.

2. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

### II. Parties

3. Plaintiff, Ker'ron Jones, is an adult individual, currently residing at the above captioned address.

4. Defendant, Mr. Bynum, is an adult individual who, at all times material, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Prison System, in his capacity as a Corrections Officer, acting under color of State law.

5. Defendant, Louis Giorla, is an adult individual who, at all times material, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Prison System, in his capacity as Commissioner, acting under color of State law.

6. Defendant, Michele Farrell, is an adult individual who, at all times material, acted individually, and/or as an agent, servant, workman, and/or employee of the Philadelphia Prison System, in her capacity as Commissioner, acting under color of State law.

7. Defendant, Philadelphia Department of Human Services ("DHS"), is an agency of the City of Philadelphia, doing business as Philadelphia Prison System.

8. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable

hereunder for the reasons set forth below or inferred there from. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

### III.    Operative Facts

9.      Around January 2014, Plaintiff had surgery to reconstruct and reattach his bicep. Plaintiff was directed by his doctor to wear an arm brace for the next six (6) months because Plaintiff could not extend his arm during recovery.

10.     On or about March 6, 2014, while incarcerated at Defendant, Curran-Fromhold Correctional Facility in Philadelphia, Plaintiff was strip searched (without any reasonable suspicion and despite the fact that Plaintiff was imprisoned for a non-violent misdemeanor) in his prison cell by a Sergeant, Defendant, John Doe.  Plaintiff complied and explained to the Sergeant that he should not remove his arm brace.

11.     A few hours later, Plaintiff was again strip searched (without any reasonable suspicion) by Defendant, Corrections Officer Bynum in the prison shower facility.  Plaintiff again complied.

12.     Next Bynum demanded that Plaintiff remove his arm brace.  Plaintiff explained that he should not remove his brace and asked to speak to Bynum's supervisor.

13.     Bynum ignored and Plaintiff and Bynum continued verbally disagreeing when suddenly Bynum sprayed Plaintiff in the eye with pepper spray.

14.     Bynum then punched Plaintiff in the face, grabbed Plaintiff and slammed his head against a wall, and then swung Plaintiff to the shower floor.  Plaintiff screamed in agony and did not fight back.

15. Soon, multiple Defendant, John Doe, Corrections Officers joined Bynum and all kicked Plaintiff while he lay on the floor. Around this time, Plaintiff noticed one of the John Doe Corrections Officer had a video camera and was recording the incident.

16. The corrections officers demanded that Plaintiff stand up but Plaintiff was too injured to comply.

17. Plaintiff was then helped to his feet and carried to the prison infirmary. Plaintiff was transported to an outside hospital later that evening.

18. Plaintiff spent about 20 more days in the prison hospital block before being released – during which time Plaintiff made numerous sick grievances which were ignored.

19. After his release, Plaintiff visited multiple doctors where he learned the full extent of his wounds. Plaintiff sustained, serious, severe and long-term (potentially permanent) injuries, including, but not limited to bicep, elbow and eye trauma, extreme and continuing pain requiring surgery and prescribed pain medications, together with various other injuries the exact extent of which are unknown at this time, including shock to Plaintiff's nerves and nervous system and severe emotional distress.

20. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendant, DHS strip searches inmates who are imprisoned for non-violent offenses without any reasonable suspicion, use excessive force, and deny reasonable medical care, including by a failure to train, supervise, or otherwise as inappropriately acceptably common.

### IV. Causes of Action

### COUNT I
### Excessive Force/Assault and Battery

21. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

22. At the time of Defendants' conduct, Plaintiff had not committed any infraction or otherwise to legally justify the force used by Defendants.

23. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

24. Defendants caused Plaintiff to suffer excessive force by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and at Common Law.

## COUNT II
**Eighth Amendment Violation – Failure to Provide Medical Care and Treatment**

25. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

26. Defendants showed deliberate indifference to Plaintiff's serious medical needs and wanton infliction of pain.

27. Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

28. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT III
### *Monell*

29. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

30. Prior to the events described herein, Defendants, DHS developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights. Specifically, Defendant, DHS strip searches inmates who are imprisoned for non-violent offenses without any reasonable suspicion, use excessive force, and deny reasonable medical care, including by a failure to train, supervise, or otherwise as inappropriately acceptably common.

31. The above described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

32. Plaintiff suffered harm due to Defendants' conduct.

**V.  Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

        a. Statutory damages;
        b. Compensatory damages, including;
            i. Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;
            ii. Attorneys' fees and expenses, and costs of suit.
        c. Injunctive relief, including;

i. Monitoring and training.

WEISBERG LAW

Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiff