**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Ker'ron Jones | : | |
| 10608 St. Thomas Dr. | : | NO.: 14-7035 |
| Philadelphia, PA 19116 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia Department of Human Services | : | |
| d/b/a Philadelphia Prison System | : | |
| 1515 Arch St. | : | |
| Philadelphia, PA 19102 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

**PLAINTIFF'S PRETRIAL MEMORANDUM**

Plaintiff, Ker'ron Jones, by and through his undersigned attorneys, Weisberg Law, hereby files the following Pretrial Memorandum:

1. <u>Nature of the Action and Basis for Jurisdiction</u>

Plaintiff, Ker'ron Jones has sued Defendant, Corrections Officer Donovan Bynun for excessive force, assault and battery, and failure to provide medical care. Plaintiff voluntarily dismisses Defendants, Philadelphia Prison System Commissioner Louis Giorla and Warden Michele Farrell. Plaintiff also withdraws his *Monell* claim.

Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 USC §1367. Venue lies in this district in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principal place of business, and/or does business here, and/or the property which is the subject of this action is situated within this district.

2. <u>Brief Statement of Facts</u>

Around January 2014, Plaintiff had surgery to reconstruct and reattach his bicep. Plaintiff was directed by his doctor to wear an arm brace for the next six (6) months because Plaintiff could not extend his arm during recovery.

On March 6, 2014, while incarcerated at Defendant, Curran-Fromhold Correctional Facility in Philadelphia, Plaintiff was strip searched (without any reasonable suspicion and despite the fact that Plaintiff was imprisoned for a non-violent misdemeanor) in his prison cell by a Sergeant. Plaintiff complied and explained to the Sergeant that he should not remove his arm brace.

A few hours later, Plaintiff was again strip searched (without any reasonable suspicion) by Defendant, Corrections Officer Bynum in the prison shower facility. Plaintiff again complied.

Next Bynum demanded that Plaintiff remove his arm brace. Plaintiff explained that he should not remove his brace and asked to speak to Bynum's supervisor.

Bynum ignored and Plaintiff and Bynum continued verbally disagreeing when suddenly Bynum sprayed Plaintiff in the eye with pepper spray. Bynum then punched Plaintiff in the face, grabbed Plaintiff and slammed his head against a wall, and then swung Plaintiff to the shower floor. Plaintiff screamed in agony and did not fight back.

Soon, multiple Corrections Officers joined Bynum and all kicked Plaintiff while he lay on the floor. Around this time, Plaintiff noticed one of the Corrections Officer had a video camera and was recording the incident.

The corrections officers demanded that Plaintiff stand up but Plaintiff was too injured to comply. Plaintiff was then helped to his feet and carried to the prison infirmary. Plaintiff was transported to an outside hospital later that evening.

Plaintiff spent about 20 more days in the prison hospital block before being released – during which time Plaintiff made numerous sick grievances which were ignored.

3. Damages

After his release from Prison, Plaintiff visited multiple doctors where he learned the full extent of his wounds. Plaintiff sustained, serious, severe and long-term (potentially permanent) injuries, including, but not limited to bicep, elbow and eye trauma, extreme and continuing pain requiring surgery and prescribed pain medications, together with various other injuries the exact extent of which are unknown at this time, including shock to Plaintiff's nerves and nervous system and severe emotional distress.

4. Witness List

Plaintiff incorporates Defendants' Witness List by reference and reserves the right to call those witnesses by direct and cross examinations. Plaintiff intends to call the following witnesses for the following purposes:

   a. Plaintiff, Ker'ron Jones will testify about the incident between himself and Defendant, Bynum, as well as his injuries.

   b. Defendant, Donovan Bynun will testify about the incident between himself and Plaintiff.

   c. Warden Michele Farrell will testify about the prison's policies including its use of force policy, as well as her specific knowledge of the incident between Plaintiff and Defendant, Bynum.

    d. Deputy Warden Nancy Gianetta will testify about the prison's policies including its use of force policy, as well as her specific knowledge of the incident between Plaintiff and Defendant, Bynum.

    e. Captain Xavier Beaufort will testify about responding to the incident between Plaintiff and Defendant, Bynum.

    f. Sgt. Keith Bentley, Sr. will testify about being the supervisor officer that responded to the incident between Plaintiff and Defendant, Bynum.

    g. Officer Charles Bendig will testify about responding to the incident between Plaintiff and Defendant, Bynum.

    h. Captain William Vetter will testify about his investigation into the incident between Plaintiff and Defendant, Bynum.

    i. Lieutenant Donald McAllister will testify about initiating the investigation into the incident between Plaintiff and Defendant, Bynum.

    j. Nurse C. Joyner will testify about treating Plaintiff after the incident.

    k. Sgt. Moralis will testify about transporting Plaintiff to the hospital after the incident.

    l. Doctor Sommer Hammoud, will testify about treating Plaintiff and Plaintiff's injuries.

    m. Doctor Saria Menduri, will testify about treating Plaintiff and Plaintiff's injuries.

5. Exhibits

Plaintiff incorporates Defendant's Exhibit List and all deposition transcripts by reference.

    a. Investigation Report by Captain William Vetter – and all documents attached thereto. (Deposition Exh. Farrell 2).

    b. Prison Emergency Department Referral. (Deposition Exh. Farrell 3).

    c. Plaintiff's emergency room report. (Deposition Exh. Farrell 1).

    d. Plaintiff's medical records which were produced to Defendant.

6. Estimated time of trial

3 days.

7. <u>Special Comments</u>

Plaintiff voluntarily dismisses Defendants, Philadelphia Prison System Commissioner Louis Giorla and Warden Michele Farrell. Plaintiff also withdraws his *Monell* claim.

                                      **WEISBERG LAW**

                                      <u>/s/ Matthew B. Weisberg</u>
                                      Matthew B. Weisberg, Esquire
                                      David A. Berlin, Esquire
                                      Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ker'ron Jones | : | |
| 10608 St. Thomas Dr. | : | NO.: 14-7035 |
| Philadelphia, PA 19116 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Philadelphia Department of Human Services | : | |
| d/b/a Philadelphia Prison System | : | |
| 1515 Arch St. | : | |
| Philadelphia, PA 19102 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 10th day of September, 2015, a true and correct copy of the foregoing Plaintiff's Pretrial Memorandum was served via ECF upon the following parties:

Niya L. Blackwell, Esquire
City of Philadelphia Law Dept.
1515 Arch St.
Philadelphia, PA 19107

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
David A. Berlin, Esquire
Attorneys for Plaintiffs