IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KER'RON JONES, | : | CIVIL ACTION |
| | : | |
| PLAINTIFF, | : | |
| v. | : | |
| | : | |
| DONOVAN BYNUM, ET AL., | : | NO. 14-7035 |
| | : | |
| DEFENDANTS. | : | |

**JOINT PRETRIAL MEMORANDUM**

The parties, by and through the undersigned counsel submit this Joint pretrial memorandum in accordance with the September 18, 2015 order of this Honorable Court.

I.   **Nature of Action and Jurisdiction**

This is a civil rights action against Corrections Officer Donovan Bynum. The plaintiff alleges constitutional violations under 42 U.S.C. §1983, namely, excessive force, assault and battery. Jurisdiction is predicated upon 28 U.S.C. §1331 and 1367. Venue lies in this district in that the events giving rise to this claim occurred here.

II.   **Plaintiff's Statement of Facts**

Around January 2014, Plaintiff had surgery to reconstruct and reattach his bicep. Plaintiff was directed by his doctor to wear an arm brace for the next six (6) months because Plaintiff could not extend his arm during recovery.

On March 6, 2014, while incarcerated at Defendant, Curran-Fromhold Correctional Facility in Philadelphia, Plaintiff was strip searched (without any reasonable suspicion and despite the fact that Plaintiff was imprisoned for a non-violent misdemeanor) in his prison cell by

a Sergeant. Plaintiff complied and explained to the Sergeant that he should not remove his arm brace.

A few hours later, Plaintiff was again strip searched (without any reasonable suspicion) by Defendant, Corrections Officer Bynum in the prison shower facility. Plaintiff again complied.

Next Bynum demanded that Plaintiff remove his arm brace. Plaintiff explained that he should not remove his brace and asked to speak to Bynum's supervisor.

Bynum ignored and Plaintiff and Bynum continued verbally disagreeing when suddenly Bynum sprayed Plaintiff in the eye with pepper spray. Bynum then punched Plaintiff in the face, grabbed Plaintiff and slammed his head against a wall, and then swung Plaintiff to the shower floor. Plaintiff screamed in agony and did not fight back.

Soon, multiple Corrections Officers joined Bynum and all kicked Plaintiff while he lay on the floor. Around this time, Plaintiff noticed one of the Corrections Officer had a video camera and was recording the incident.

The corrections officers demanded that Plaintiff stand up but Plaintiff was too injured to comply. Plaintiff was then helped to his feet and carried to the prison infirmary. Plaintiff was transported to an outside hospital later that evening.

Plaintiff spent about 20 more days in the prison hospital block before being released. After his release from Prison, Plaintiff visited multiple doctors where he learned the full extent of his wounds. Plaintiff sustained, serious, severe and long-term (potentially permanent) injuries, including, but not limited to bicep, elbow and eye trauma, extreme and continuing pain requiring surgery and prescribed pain medications.

### III.   Defendant's Statement of Facts

Plaintiff intends to testify that he had surgery before the incident that necessitated use of the arm brace and surgery related to the incident following his release from prison. Defendant

objects to this testimony as no medical records have been produced to Defendant evidencing either of Plaintiff's purported surgeries.

On March 6, 2014, Plaintiff was entering Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia to serve a period of incarceration. In accordance with prison protocol, Plaintiff was ordered to remove his civilian clothing and change into a prison-issued jumpsuit.

Plaintiff was wearing an arm brace as he entered CFCF. The arm brace worn by Plaintiff was removable and as such was required to be searched along with his other clothing to ensure that no contraband or weapons were brought into the facility. Plaintiff was instructed at least twice by Defendant to remove the arm brace so that it could be searched and Plaintiff did not comply.

After advising Plaintiff that he would be pepper sprayed if he did not comply with the order to remove his clothes Defendant used two, one-second pepper sprays on Plaintiff in the facial area to gain his compliance. Plaintiff contends he was repeatedly kicked and punched by several corrections officers, which Defendant denies. Defendant immediately informed his supervisor of the incident with Plaintiff which required use of pepper spray. Defendant was then joined by his supervisor, Sergeant Keith Bentley, as well as Captain Xavier Beaufort who also gave orders to Plaintiff which were refused. Captain Beaufort ordered for a video camera to capture the incident as it transpired; however, he realized that the camera was not functioning properly. Captain Beaufort directed subordinates to continue holding the camera as Plaintiff began to comply once he thought he was being recorded.

Plaintiff then changed into the jumpsuit and was escorted by corrections officers using hands-on guidance to prison medical so that Plaintiff could be evaluated after being pepper sprayed. Plaintiff refused treatment from prison medical.

### III.     Relief requested

Plaintiff seeks statutory damages, compensatory damages, and injunctive relief. Alternatively, Plaintiff demands $35,000.00 to settle the case. Defendant rejects Plaintiff's demand and has no offer at the present time.

IV.  **Liability and Damages Witnesses**

- Corrections Officer Donovan Bynum
- Ker'ron Jones
- Captain Xavier Beaufort
- Sergeant Keith Bentley
- Corrections Officer Charles Bendig
- Captain William Vetter
- Lieutenant Donald McAllister
- Nurse C. Joyner

V.  **Exhibits**

- Investigation Report of Captain William Vetter and attachments
- Plaintiff's emergency room report
- Prison emergency department referral

VI.  **Estimated Time for Trial**

Two - three days.

VII.  **Stipulations**

- Plaintiff voluntarily dismisses Defendants Louis Giorla and Michele Farrell with prejudice.
- Plaintiff voluntarily withdraws his *Monell* and failure to provide medical care and treatment claims.
- Parties stipulate to the authenticity of the Investigation Report of Captain William Vetter and its attachments, Plaintiff's emergency room report, and Prison emergency department referral.

VIII.  **Request for Date Certain**

The parties request this case be scheduled for trial with a date certain beginning on January 6, 2015.

/s/ Matthew B. Weisberg                           /s/ Rebecca Prosper
Matthew B. Weisberg, Esquire                      Rebecca Prosper, Esquire
Attorney for Plaintiff                            Attorney for Defendants


Date: October 9, 2015